# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **WINFRED L. ANDERSON**, <br><br> Plaintiff, <br><br> v. <br><br> **FAMILY DOLLAR STORES OF GEORGIA, LLC f/d/b/a FAMILY DOLLAR STORES OF GEORGIA, INC.**, <br><br> Defendant. | Civil Action No. 7:17-CV-9 (HL) |

## ORDER

Before the Court is Plaintiff Winfred L. Anderson's Motion for Default Judgment. (Doc. 6). For the reasons that follow, Plaintiff's motion is **GRANTED**.

## I. BACKGROUND

Plaintiff filed a Complaint (Doc. 1) against Defendant Family Dollar Stores of Georgia, LLC, on January 12, 2017. In his Complaint, Plaintiff alleges that on January 16, 2014, at approximately 1:30 p.m., he visited Defendant's property located in Moultrie, Georgia for the purpose of conducting business with Defendant. (Doc. 1, ¶ 5). While walking in the parking lot toward Defendant's store, Plaintiff fell into a large hole where the pavement had collapsed. (Doc. 1, ¶ 5). This hole had existed for "a significant period of time," and Defendant "had extensive and long-standing knowledge" of its existence. (Doc. 1, ¶ 14). Despite its knowledge, Defendant "made the conscious and willful decision to do nothing

to fix the defect nor to provide any form of warning whatsoever to its patrons." (Doc. 1, ¶ 14). As a result of his fall, Defendant sustained injuries to his neck, back, right shoulder, right hip, and both knees. (Doc. 1, ¶ 12). Plaintiff seeks compensatory damages for his medical bills, lost wages, and pain and suffering. (Doc. 1, ¶ 14). Plaintiff further seeks punitive damages, as a result of Defendant's "willful disregard for the safety of others." (Doc. 1, ¶ 14).

A summons was issued as to Defendant on January 12, 2017. (Doc. 2). The Proof of Service reflects that the summons was served on Amelia Garner, Operations Specialist for CT Corp., an individual designated by law to accept service of process on behalf of Family Dollar Stores of Georgia, on January 13, 2017 at 12:40 p.m. (Doc. 4). After Defendant failed to file an answer to the Complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure, Plaintiff filed an Application to Clerk for Entry of Default (Doc. 5), which was entered by the clerk on February 14, 2017. On February 15, 2017, Plaintiff filed the pending Motion for Default Judgment. (Doc. 6). A damages hearing was held before this Court on April 6, 2017. Having fully considered Plaintiff's motion and the evidence before the Court, the Court **GRANTS** Plaintiff's motion. Accordingly, default judgment should be entered in favor of Plaintiff and against Defendant, and appropriate relief is due to be awarded as discussed herein. See Fed. R. Civ. P. 55(b).

## II. DEFAULT JUDGMENT STANDARD

Rule 55 of the Federal Rules of Civil Procedure provides that, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). If the plaintiff's claim is not for a sum certain, the plaintiff must apply to the court for a default judgment against the defaulting party. Fed. R. Civ. P. 55(b)(2).

In reviewing a motion for default judgment, the Court must ensure that the well-pleaded allegations of the complaint actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought. Tyco Fire & Security, LLC v. Alcocer, 218 Fed. Appx. 860, 863 (11th Cir. 2007). "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover." Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). "[A] defaulted defendant is deemed to 'admit the plaintiff's well-pleaded allegations of fact.'" United States. v. Ruetz, 334 Fed. Appx. 294, 295 (11th Cir. 2009) (quoting Nishimatsu, 515 F.2d at 1206). Thus, the Defendant "is not held to admit facts that are not well-pleaded or to admit to conclusions of law." Nishimatsu, 515 F.2d at 1206.

## III. DISCUSSION

Jurisdiction arises under 28 U.S.C. § 1332, based on the diversity of citizenship of the parties and an amount in controversy in excess of $75,000.00.

Under Georgia law, a party asserting a claim for personal injury has the burden of pleading and proving that the defendant owed a duty of care to the plaintiff, this duty was breached, and the breach was the proximate cause of the plaintiff's damages. Butts v. Williams, 543 S.E.2d 779, 781 (Ga. Ct. App. 2000). The Court finds that the well-pleaded allegations of Plaintiff's Complaint set forth the basis of Defendant's liability for breaching a duty of care owed to Plaintiff, which breach proximately caused damage to the Plaintiff. Thus, Plaintiff is entitled to entry of default judgment.

Having concluded that Plaintiff is entitled to entry of default judgment, the Court now turns to the relief requested. The evidence reveals that Plaintiff was approximately 52 years old at the time that he was injured, that Plaintiff has been unable to work since he was injured, and that he will be unable to work in the future. Up until Plaintiff was injured, he earned between $35,000 and $40,000 yearly from 2002 until 2014 through Nijjer Enterprises. Assuming that Plaintiff had worked until he was 65 years old earning an average of $37,500 yearly, Plaintiff's injury has resulted in lost wages in the amount of $487,500.00. The evidence further reveals that Plaintiff suffered severe and permanent injuries, and that Plaintiff has incurred at least $198,986.97 in medical bills, based on the Court's calculation. These injuries do now and will in the future cause Plaintiff to experience physical and mental pain and suffering. Thus, the Court finds an award of compensatory damages in the amount of $1,200,000.00 appropriate.

Plaintiff has also established by clear and convincing evidence that Defendant's conduct in not fixing the defect in the pavement showed entire want of care, sufficient to raise the presumption of conscious indifference to the consequences and warranting the imposition of punitive damages. See O.C.G.A. § 51-12-5.1(b) ("Punitive damages may be awarded only in such tort actions in which it is proven by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."). The Court finds an award of punitive damages in the amount of $200,000.00 appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court **HEREBY ORDERS** the Clerk of Court to enter final default judgment in favor of Plaintiff. The judgment shall provide that Plaintiff recovers $1,200,000.00 in compensatory damages and $200,000.00 in punitive damages.

**SO ORDERED**, this the 19th day of April, 2017.

*/s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

les